**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KANDI CURTIS**, on behalf of herself and all others similarly situated, | No. 1:26-CV-08572 |
| Plaintiff, | Judge Sharon Johnson Coleman |
| v. | |
| **ABBOTT LABORATORIES, INC., and EXACT SCIENCES CORPORATION**, | |
| Defendants. | |
| **ELIZABETH BLY**, on behalf of herself and all others similarly situated, | No. 1:26-CV-08580 |
| Plaintiff, | Judge Elaine E. Bucklo |
| v. | |
| **ABBOTT LABORATORIES, INC., and EXACT SCIENCES CORPORATION**, | |
| Defendants. | |
| **BRIAN TROESCH**, on behalf of himself and all others similarly situated, | No. 1:26-CV-08706 |
| Plaintiff, | Judge Mary M. Rowland |
| v. | |
| **ABBOTT LABORATORIES, INC., and EXACT SCIENCES CORPORATION**, | |
| Defendants. | |

|  |  |
|---|---|
| **KRISTEN BABEL**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **ABBOTT LABORATORIES, INC., and EXACT SCIENCES CORPORATION**, <br><br> Defendants. | No. 1:26-CV-08848 <br><br> Judge Jorge L. Alonso |

### PLAINTIFFS' MOTION TO REASSIGN RELATED ACTIONS, CONSOLIDATE, AND APPOINT INTERIM CO-LEAD COUNSEL AND MEMORANDUM IN SUPPORT

Pursuant to Local Rule 40.4 and Federal Rules of Civil Procedure 42(a) and 23(g)(3), Plaintiffs, Kandi Curtis, Elizabeth Bly, Brian Troesch, and Kristen Babel (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully move to (1) designate the above-styled actions as related pursuant to Local Rule 40.4 and reassign *Bly v. Abbott Laboratories, Inc.*, No. 1:26-CV-08580 (the "*Bly* Action"), *Troesch v. Abbott Laboratories, Inc.*, No. 1:26-CV-08706 (the "*Troesch* Action"), and *Babel v. Abbott Laboratories, Inc.*, No. 1:26-CV-08848 (the "*Babel* Action"), to the Honorable Sharon Johnson Coleman, who is presiding over the first-filed action, *Curtis v. Abbott Laboratories, Inc.*, No. 1:26-CV-08572 (the "*Curtis* Action" and, with the *Bly*, *Troesch* and *Babel* Actions, the "Related Actions"); (2) consolidate the Related Actions into the *Curtis* Action; (3) appoint Gary Klinger of Milberg, PLLC and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP as Interim Co-Lead Class Counsel under Federal Rule of Civil Procedure 23(g); and (4) set a deadline for the filing of a consolidated class action complaint within thirty (30) days of entry of an order granting the relief requested herein.

The Related Actions all arise from a data breach ("Data Breach") that impacted Defendants Abbott Laboratories, Inc. and Exact Sciences Corporation ("Defendants") in July 2026. Because

2

the Related Actions all arise out of the same Data Breach, reassignment, consolidation, and the appointment of interim lead counsel will streamline litigation, avoid inconsistent decisions and preserve judicial resources. Plaintiffs in all of the Related Actions agree to the relief sought herein.

## I. BACKGROUND

On July 20, 2026, Plaintiff Kandi Curtis filed her class action complaint in this Court as *Curtis v. Abbott Laboratories, Inc., et al*, No. 01:26-cv-08572 (the "*Curtis* Action"). Thereafter, the *Bly*, *Troesch* and *Babel* actions were filed. The Related Actions all arise from the same Data Breach that impacted Defendants on or around July 16, 2026. *See Curtis* Compl. ¶ 32; *Bly* Compl. ¶ 32; *Troesch* Compl. ¶ 21; *Babel* Compl. ¶ 28. The four Plaintiffs each bring overlapping claims of negligence, negligence *per se*, breach of implied contract, and unjust enrichment against Defendants.

Moreover, Plaintiffs propose overlapping nationwide classes under Federal Rules of Civil Procedure 23(a) and (b)(3).

## II. ARGUMENT

### A. The Court Should Reassign the Actions Pursuant to Rule 40.4

Under Local Rule 40.4(c), Plaintiffs respectfully request that the Court reassign the *Bly*, *Troesch*, and *Babel* Actions to the Honorable Sharon Johnson Coleman, who is the presiding judge in the earliest filed Related Action (*i.e.*, the *Curtis* Action). *See* L.R. 40.4(c). As explained below, reassignment is proper because Local Rules 40.4(a) and 40.4(b) are both satisfied.

#### 1. Local Rule 40.4(a) is satisfied

Local Rule 40.4(a) provides that:

> [C]ivil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same.

3

L.R. 40.4(a) (emphasis added). Here, multiple prongs of Local Rule 40.4(a) are met. The Related Actions "involve some of the same issues of fact or law" Because they all "grow out of the same . . . occurrence[s]." Further, plaintiffs in the Related Actions bring overlapping claims against Defendant, and the proposed classes in both actions overlap—and thus, "one or more of the classes involved in the cases is or are the same." Plaintiffs propose overlapping classes under Federal Rules of Civil Procedure 23(a), (b)(1)(2)(3) and (c)(4).

Thus, the Related Actions share many "points of commonality" whereby the Related Actions, among other things, (i) are against the same Defendant, (ii) arise from the same course of action (the Data Breach), (iii) assert overlapping causes of action, (iv) allege the same injuries, and (v) propose overlapping classes under the Federal Rules of Civil Procedure. *see* L.R. 40.4(c)(1) (requiring that the motion "set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related"). Thus, Local Rule 40.4(a) is satisfied.

### 2. Local Rule 40.4(b) is satisfied

Local Rule 40.4(b) provides that:

> A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b).

Here, all four elements of Local Rule 40.4(b) are satisfied. First, the Related Actions are all pending in the Eastern Division of the Northern District of Illinois. Second, the "handling" of the Related Actions by the same judge would avoid duplicative efforts—thereby resulting in a substantial saving of judicial time and effort. The Related Actions are likely to raise similar

questions of law and seek similar relief from the Court in pleadings and for discovery-related matters, and adjudication of those questions by the same judge will provide consistent relief for the overlapping classes in both complaints and result in substantial savings of judicial time and effort. Third, the Related Actions are still in the early stages of litigation. The earliest-filed case— the *Curtis* Action—was filed on July 20, 2026, and Defendant has not yet filed a response. Thus, the requested relief would not "likely [] delay the proceedings in the earlier case substantially[.]" Fourth, the "cases are susceptible of disposition in a single proceeding" because the Related Actions are against the same Defendant, arise from the same course of action, assert overlapping causes of action, allege the same injuries, and propose overlapping classes. Thus, Local Rule 40.4(b) is satisfied.

In sum, Local Rules 40.4(a) and 40.4(b) are both satisfied, and the Court should reassign the Later Actions to the Honorable Sharon Johnson Coleman, who is presiding over the first-filed *Curtis* Action. *See* L.R. 40.4(c).

### B. The Court Should Consolidate the Related Actions

Under Federal Rule of Civil Procedure 42(a), when "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a). And courts have the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Seoul Semiconductor Co. v. Ace Hardware Corp.*, No. 23-cv-2690, 2024 U.S. Dist. LEXIS 103607, at *4 (N.D. Ill. June 11, 2024) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Here, consolidation is appropriate because the Related Actions involve common questions of law or fact. As detailed above, the Related Actions implicate common questions including, *inter alia*, whether Defendants had a duty

5

to use reasonable data security, whether Defendants failed to use reasonable data security, and whether Plaintiffs suffered damages.

Indeed, data breach class actions are acutely appropriate for consolidation. For example, in the data breach case *Shields v. Mondelez Global LLC*, the court reassigned several related cases, consolidated the related cases, and appointed interim co-lead counsel. No. 1:23-cv-03999, ECF No. 20, PageID #:359 (N.D. Ill. July 27, 2023). Similarly, in the data breach case *In re: Arthur J. Gallagher Data Breach Litigation*, the Executive Committee reassigned several related cases and consolidated the related cases (albeit into a new civil action). No. 1:22-cv-00137, ECF No. 1, PageID #:1 (N.D. Ill. Jan. 10, 2022). Therein, the Executive Committee ordered the relation and consolidation of "all other pending and future actions arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this District[.]" *Id*. Like both *Mondelez* and *Gallagher*, reassignment and consolidation is appropriate—and the Court should consolidate the Related Actions and all other pending and future actions arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this District.

### C.      The Court should appoint Interim Co-Lead Class Counsel

Federal Rule of Civil Procedure 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Designating lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements. *See* Manual for Complex Litigation ("MCL") § 21.11 (4th ed. 2004) ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.").

6

"Under Rule 23(g)(3), '[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 U.S. Dist. LEXIS 164895, at *7 (N.D. Ill. May 30, 2020). Courts have applied similar considerations as in Rule 23(g)(1)(A) (governing the appointment of class counsel) to the designation of interim class counsel before certification. *See In re Navistar Maxxforce Engines Mktg., Sales Practices & Prods. Liab. Litig.*, No. 14-cv-10318, 2015 U.S. Dist. LEXIS 34662, at *9 (N.D. Ill. Mar. 5, 2015) ("It is generally accepted that the same considerations that govern the appointment of class counsel once a class is certified govern the designation of interim class counsel before certification."). Thus, under Rule 23(g)(2), the Court should consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

*Moehrl*, 2020 U.S. Dist. LEXIS 164895, at *8. The same factors apply here for the Court's analysis.

As detailed below, the Rule 23(g)(1)(A) factors support the appointment of the proposed Interim Co-Lead Class Counsel. Proposed Interim Class Counsel and their firms have successfully litigated numerous class actions involving privacy claims on behalf of many millions of consumers. They possess the necessary resources to prosecute this litigation, and will continue to work in this litigation to manage it effectively and efficiently. As such, proposed Interim Co-Lead Counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). In support, the firm resumes of the proposed Interim Co-Lead Counsel are attached hereto as **Exhibits A and B**.

### 1. Proposed Interim Class Counsel Have Thoroughly Investigated Claims

*First*, Rule 23(g)(1)(A)(i) supports appointment because proposed Interim Co-Lead Counsel already dedicated a substantial amount of time to identifying and investigating the viable claims arising from the Data Breach. For example, proposed Interim Co-Lead Counsel already invested time researching the Data Breach, interviewing potential class representatives, investigating the viability of the potential claims, and drafting the complaints.

### 2. Proposed Interim Class Counsel Have Extensive Knowledge and Experience in Litigating and Resolving Data Privacy Class Actions in Illinois

*Second*, Rule 23(g)(1)(A)(ii) supports appointment because proposed Interim Co-Lead Counsel are highly experienced in complex class action litigation—and have litigated the claims asserted (*e.g.*, negligence, breach of implied contract, unjust enrichment) in hundreds of similar cases. Data breach cases present unique and novel issues of fact and law that are evolving. *See, e.g.*, *Gordon v. Chipotle Mexican Grill, Inc.*, Civil Action No. 17-cv-01415-CMA-SKC, 2019 U.S. Dist. LEXIS 215430, at *3 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."); *Fulton-Green v. Accolade, Inc.*, 2019 U.S. Dist. LEXIS 164375, at *21 (E.D. Pa. Sep. 23, 2019) ("This is a complex case in a risky field of litigation because data breach class actions are uncertain and class certification is rare."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel.").

*Third*, Rule 23(g)(1)(A)(iii) supports appointment because proposed Interim Co-Lead Counsel have substantial knowledge of the applicable law. Indeed, proposed Interim Co-Lead

Counsel are currently litigating over one-hundred data breach class actions in state and federal courts across the country. In doing so, proposed Interim Co-Lead Counsel have developed an expertise in data breach litigation.

Also important is proposed Interim Co-Lead Counsels' significant experience with Illinois law and in Illinois courts, both state and federal. Both Mr. Klinger and Mr. Hagman (and their respective firms) are located in Chicago, Illinois. Individually and collectively, proposed Interim Co-Lead Counsel have successfully litigated dozens of data breach class actions in state and federal courts in Illinois, including in this District. Indeed, just recently a judge in this Distrct appointed Mr. Klinger and Mr. Hagman as interim co-lead class counsel in an action arising out of a data breach, and they successfully defeated a motion to dismiss and compel arbitration. *See Wagner, et al. v. Andy Frain Services, Inc.*, No. 25-cv-5252, Dkt. No. 30 (N.D. Ill. Dec. 18, 2025) (appointing Mr. Klinger and Mr. Hagman as co-lead class counsel) (Bucklo, J.); *id.* Dkt. No. 47 (N.D. Ill. July 2, 2026) (denying the motion to dismiss and motion to compel arbitration) (Bucklo, J.).

As demonstrated below, Mr. Klinger and Mr. Hagman are highly qualified to lead this consolidated litigation on behalf of Plaintiffs and the putative class. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). The qualifications and experience of Proposed Interim Class Counsel are summarized below and supplemented by their firm resumes.

**Gary M. Klinger**
**Milberg PLLC**

Mr. Klinger is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Located in Chicago, Illinois, Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and

Partners as Band 3 for Privacy & Data Security Litigation (2024)[1] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[2] Law360 recently highlighted Mr. Klinger's work in the privacy space.[3]

He has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g.*, *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers); *Isaiah v. LoanDepot, Inc.*, 8:24-cv-00136-DOC-JCE (C.D. Cal) (where Mr. Klinger was appointed co-lead counsel in a data breach that impacted 17 million consumers). Mr. Klinger and his firm have played an important role in developing the favorable case law that many plaintiffs rely on in the data breach space. *See, e.g.*, *Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *Flores v. Aon Corp*., 2023 IL App. (1st) (230140) (where Mr. Klinger obtained reversal of a dismissal with prejudice in a data breach class action); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 U.S. Dist. LEXIS 123355 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

---

[1] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.
[2] *See* https://chambers.com/lawyer/gary-klinger-usa-5:26875006; https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.
[3] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger.

Over the past 3 years, Mr. Klinger has settled on a classwide basis more than 100 class actions involving privacy violations, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this period. Representative cases include: *Parris, et al., v. Meta Platforms, Inc.*, No.2023LA000672 (18th Cir. DuPage Cnty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action); *Boone v. Snap, Inc.*, No. 2022LA000708 (18th Cir. DuPage Cnty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action); *In re: East Palestine Train Derailment*, No. 23-cv-00242 (N.D. Ohio) (where Mr. Klinger serves on the leadership team that obtained a settlement of $600 million in a complex class action).[4]

Mr. Klinger also has the full weight of his law firm behind him. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[5] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing.

---

[4] Mr. Klinger has also successfully litigated privacy class actions through class certification. *See, e.g.*, *Sewall v. Home Partners Holdings LLC*, No. A23-1662, Minn. App. LEXIS 2 (Ct. App. Jan. 2, 2024) (denying interlocutory review to an order granting class certification to a class of lessees in a landlord-tenant dispute); *Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 U.S. Dist. LEXIS 105259 (N.D. Ill. 2018) (where Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members; the case ultimately settled for $6.5 million).
[5] *See* https://milberg.com/precedent-setting-decisions/page/3/.

Milberg is one of the largest plaintiffs' class action firms in the United States (and abroad). The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.[6]

Gary M. Klinger's experience and knowledge are further demonstrated in the Milberg, PLLC firm resume, attached hereto as **Exhibit A**.

## Nickolas J. Hagman
## Cafferty Clobes Meriwether & Sprengel LLP

Nickolas J. Hagman is a partner with Cafferty Clobes Meriwether & Sprengel, LLP ("Cafferty Clobes"), a national class action firm that regularly serves as court-appointed lead in a broad range of class action and MDL matters nationwide. Mr. Hagman's practice is concentrated on consumer fraud and data privacy matters, and he leads Cafferty Clobes' data breach practice. Through his efforts leading large and complex class actions, Mr. Hagman has secured scores of successful results and recoveries for millions of data breach and privacy victims across the country.

Mr. Hagman and Cafferty Clobes have been appointed and actively serve as lead counsel in many major consumer class action matters, including data breach actions, such as:

- *Douglas, et al. v. PurFoods, LLC*, No. 4:23-cv-00332-RGE (S.D. Iowa Dec. 2, 2025) (granting final approval of $4,250,000 settlement in data breach case, with

---

[6] *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45–46 (2d ed. 2018), https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

12

Mr. Hagman as co-lead counsel);

- *Rentschler, et al. v. Atlantic General Hospital Corp.*, No. 23-cv-1005 (D. Md. Sept. 5, 2024) (appointing Cafferty Clobes co-lead counsel in data breach case and granting final approval of $2.25 million class settlement);

- *Jordan v. Absolute Dental Group, LLC*, No. 2:25-cv-0986-JAD-DJA, Dkt. 92 (D. Nev. Mar. 6, 2026) (appointing Mr. Hagman co-lead counsel and approving the proposed settlement on behalf of 1.2 million class members);

- *Hood, et al. v. Educational Computer Systems, Inc.*, No. 24-cv-00666-CCW (W.D. Pa.) (appointing Mr. Hagman co-lead counsel in data breach case on behalf of more than 2.5 million class members. Plaintiffs' motion for preliminary approval of the proposed $6,500,000 settlement currently pending);

- *In re Hospital Sisters Health System Data Breach Litig.*, No. 2024CH00043 (Cir. Ct. Sangamon Cnty., Ill. Dec. 10, 2025) (appointing Mr. Hagman as co-lead counsel in data breach case and granting final approval of $7,600,000 class settlement);

- *Tormaschy, et al. v. Panorama Eye Care, LLC*, No. 2024CV30509 (Dist. Ct. Larimer Cnty. Colo. Apr. 2, 2025) (granting final approval of $4,700,000 proposed class settlement in data breach case, with Mr. Hagman serving as co-lead counsel).

Cafferty Clobes is a national leader in managing and litigating complex class actions on behalf of a wide variety of consumers and has recovered billions of dollars for consumers since its founding nearly 35 years ago. *See* https://www.caffertyclobes.com. During the last few years alone, Mr. Hagman and Cafferty Clobes have led and settled multiple consumer class actions that provided consumers with substantial relief. *See, e.g.*, *Barrett v. Apple Inc.*, No. 20-cv-04812-EJD, ECF No. 291 (N.D. Cal. Dec. 19, 2024) (appointing Mr. Hagman as co-lead counsel and granting final approval to a $35 million class settlement on behalf of victims of gift card scams); *Nielsen v. Walt Disney Parks and Resorts, Inc.*, No. 21-cv-02055, ECF No. 102 (C.D. Cal. Mar. 4, 2023) (appointing Cafferty Clobes co-lead counsel and granting final approval of $9.5 million class action settlement on behalf of individuals who purchased certain annual passes for Disney's California theme parks); *Pattison, et al. v. Teladoc Health, Inc.*, No. 7:23-cv-11305-NSR, Dkt. 24 (S.D.N.Y. May 22, 2024) (appointing Cafferty Clobes co-lead counsel in privacy case brought on

13

behalf of millions of individuals who used defendant's website).

Cafferty Clobes attorneys have also repeatedly been appointed to lead other complex multidistrict litigation, including: *In re: Consumer Vehicle Driving Data Tracking Collection*, No. 1:24-MC3115-TWT, ECF 63 (N.D. Ga. Aug. 19, 2024) (appointing Cafferty Clobes as co-lead counsel along with Stueve Siegel in multidistrict consumer privacy litigation); *In re Realpage, Inc. Rental Software Antitrust Litig.*, No. 3:23-md-03071 (M.D. Tenn.) (Cafferty Clobes appointed to the plaintiffs' steering committee, which has obtained partial settlements totaling nearly $200 million); *In re: Cattle and Beef Antitrust Litig.*, No. 22-md-04699 (D. Minn.) (Cafferty Clobes appointed as co-lead counsel on behalf of cattle sellers, obtaining settlements against certain defendants totaling more than $85 million); *In re Insurance Brokerage Antitrust Litig.*, 297 F.R.D. 136, 153 (D.N.J 2013) (Cafferty Clobes served as Co-Lead Counsel and obtained final approval of five separate settlements that, in total, exceeded $270 million).

Federal judges have recognized Mr. Hagman's commitment to pursuing relief on behalf of class members. In *In re: Kannact, Inc. Data Security Incident*, No. 6:23-cv-01132-AA (D. Or. Jan. 22, 2025), Judge Ann L. Aiken noted that "plaintiffs were aggressive and vigorous in collecting information and pursuing discovery . . . . I really want to applaud your [work] and the effort that you put in to get this resolved and I thank you very much for the work you did in this case." *Id.* Beyond litigating, Mr. Hagman authored the 2024 edition of the Illinois Institute of Continuing Legal Education (IICLE) Class Action Handbook chapter *Settlement Procedures, Negotiations, and Agreements Under State and Federal Rules*, and twice served on the board of the Chicago Bar Association Class Action Committee, including as the Vice Chair.

Nickolas J. Hagman's experience and knowledge are further demonstrated in the Cafferty Clobes Meriwether & Sprengel LLP firm resume, attached hereto as **Exhibit B**.

14

### 3. Proposed Interim Class Counsel Will Commit Resources for the Benefit of the Class

*Fourth*, Rule 23(g)(1)(A)(iv) supports appointment because proposed Interim Co-Lead Counsel have substantial resources that counsel will commit to representing the class. Specifically, Milberg, PLLC and Cafferty Clobes Meriwether & Sprengel LLP are well-regarded law firms with national class action practices—and have a demonstrated history of successfully litigating complex class actions on a wholly contingent basis. In other words, proposed Interim Co-Lead Counsel have the necessary resources—both in terms of personnel and financial reserves—to litigate the Related Actions on a wholly contingent basis for the duration of the litigation.

## III. CONCLUSION

For the reasons described herein, Plaintiffs respectfully request that the Court (1) reassign the Related Actions into the earliest filed *Curtis* Action; (2) consolidate for all purposes the Related Actions including any subsequently filed or transferred related actions (3) appoint the proposed Interim Co-Lead Class Counsel; and (4) stay the Related Actions, including the responsive pleading deadlines, and require the filing of a consolidated class action complaint within thirty (30) days of entry of an order granting the relief requested herein.

Dated: July 29, 2026

Respectfully submitted,

/s/ Gary M. Klinger
Gary M. Klinger (IL Bar No. 6303726)
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
T : (866) 252-0878
gklinger@milberg.com

Nickolas J. Hagman, IL SBN 6317689
**CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603

15

Telephone: (312) 782-4880
Fax: (312) 782-4485
nhagman@caffertyclobes.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 332-4200
ostrow@kolawyers.com

Tyler Litke
**LEVI & KORSINSKY, LLP**
Email: Tlitke@zlk.com
33 Whitehall St., Fl. 27
New York, NY 10004
Telephone: (646)290-7178

*Attorneys for Plaintiffs and the
Proposed Class*

16

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated: July 29, 2026

Respectfully submitted,

*/s/ Gary M. Klinger*
Gary M. Klinger (IL Bar No. 6303726)
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
T : (866) 252-0878
gklinger@milberg.com

17