**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KANDI CURTIS**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ABBOTT LABORATORIES, INC., and EXACT SCIENCES CORPORATION**,<br><br>Defendants. | No. 1:26-CV-08572<br><br>Judge Sharon Johnson Coleman |
| **ELIZABETH BLY**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ABBOTT LABORATORIES, INC., and EXACT SCIENCES CORPORATION**,<br><br>Defendants. | No. 1:26-CV-08580<br><br>Judge Elaine E. Bucklo |
| **BRIAN TROESCH, NICOLE PETERSEN, BRIAN SKIFF, JEANNETTE CANO, KATHRYN TERLIKOWSKI, SHERRY NETTLES, and ASHLEY SANCHEZ**, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ABBOTT LABORATORIES, INC., and EXACT SCIENCES CORPORATION**,<br><br>Defendants. | No. 1:26-CV-08706<br><br>Judge Mary M. Rowland |

| | |
|---|---|
| **KRISTEN BABEL**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ABBOTT LABORATORIES, INC., and EXACT SCIENCES CORPORATION**,<br><br>Defendants. | No. 1:26-CV-08848<br><br>Judge Jorge L. Alonso |
| **GREGORY BLACKWELL**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ABBOTT LABORATORIES, INC., and EXACT SCIENCES CORPORATION**,<br><br>Defendants. | No. 1:26-cv-10164<br><br>Judge John Robert Blakey |
| **JUAN AYALA,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ABBOTT LABORATORIES, INC., and EXACT SCIENCES CORPORATION**,<br><br>Defendants. | No. 1:26-cv-10379<br><br>Judge Georgia N. Alexakis |

**ORDER ON PLAINTIFFS' AMENDED MOTION TO REASSIGN RELATED ACTIONS, CONSOLIDATE, AND APPOINT INTERIM CO-LEAD COUNSEL**

Before the Court is Kandi Curtis, Elizabeth Bly, Brian Troesch, Nicole Petersen, Brian Skiff, Jeannette Cano, Kathryn Terlikowski, Sherry Nettles, Ashley Sanchez, Kristen Babel, Gregory Blackwell, and Juan Ayala's (collectively, "Plaintiffs") Unopposed Amended Motion to Reassign Related Actions, Consolidate, and Appoint Interim Co-Lead Counsel and Memorandum in Support (the "Motion"). Having considered the same, and the evidence and argument presented, if any, it is the opinion of this Court that said Motion should be **GRANTED**. It is hereby **ORDERED** as follows:

1. Pursuant to Local Rule 40.4, the Court finds that the actions *Curtis v. Abbott Laboratories, Inc.*, No. 1:26-CV-08572; *Bly v. Abbott Laboratories, Inc.*, No. 1:26-CV-08580, *Troesch v. Abbott Laboratories, Inc.*, No. 1:26-CV-08706, *Babel v. Abbott Laboratories, Inc.*, No. 1:26-CV-08848, *Blackwell v. Abbott Laboratories, Inc. et al*, No. 1:26-cv-10164, and *Ayala v. Abbott Laboratories, Inc. et al*, No. 1:26-cv-10379 (collectively, the "Related Actions"), are related. The Related Actions all arise from the same alleged transaction, occurrence, or event: the data security incident impacting Defendants Abbott Laboratories, Inc. and Exact Sciences Corporation in July 2026 (the "Data Incident"), involve similar issues of law and fact, and are brought on behalf of overlapping putative classes. As such, pursuant to Local Rule 40.4(a), the actions are "related."

2. Due to the overlap in factual and legal issues, the handling of all three cases by the same judge is likely to result in the substantial saving of judicial time and effort. All of the Related Actions are at the same early stage and are susceptible to disposition in a single proceeding. As such, pursuant to Local Rule 40.4(b), the *Bly*, *Troesch*, *Babel*, *Blackwell*, and *Ayala* Actions should

be reassigned to the Honorable Sharon Johnson Coleman, who is presiding over the first-filed *Curtis* action.

3. The *Bly*, *Troesch*, *Babel*, *Blackwell*, and *Ayala* Actions shall be forwarded to the Executive Committee for reassignment.

4. Further, pursuant to Federal Rule of Civil Procedure 42(a), the Related Actions should be consolidated into the earliest, first-filed *Curtis* action.

5. Pursuant to Federal Rule of Civil Procedure 42(a), the Related Actions—and all other pending and future actions arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this District—are consolidated for all pre-trial purposes, into the earliest-filed *Curtis* Action, which shall hereinafter be captioned as *In re Abbott Laboratories Data Breach Litigation*.

6. Having given due consideration to the relevant and persuasive factors set forth in Federal Rule of Civil Procedure 23(g)(1)(A)(i)-(iv) and finding that the proposed counsel meet the adequacy requirements thereunder, the Court hereby appoints Gary Klinger of Milberg, PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Barrett J. Vahle of Stueve Siegel Hanson LLP as Interim Co-Lead Class Counsel.

7. Interim Co-Lead Class Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class members. Specifically, Interim Co-Lead Class Counsel shall have the following responsibilities, duties, and authority:

a. To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

b. To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

c. To convene meetings amongst counsel;

d. To conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e. To delegate specific tasks to Plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f. To negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. To monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h. To perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

i. To serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

j. To ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

k. To communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

l. To make available to other Plaintiffs' counsel documents produced by the Defendants; and

m. To allocate attorney fees and costs (if any).

8. This Order shall apply to any action filed in, transferred to, or removed to this Court, which relates to the subject matter at issue in this case.

9. Plaintiffs shall file a Consolidated Complaint no later than forty-five (45) days after the entry of this Order.

**IT IS SO ORDERED** on September 21, 2026.

HON. SHARON JOHNSON COLEMAN
UNITED STATES DISTRICT COURT JUDGE